UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUANITA HICKINGBOTTOM                          CIVIL ACTION

VERSUS                                          NO: 10-894

UNICCO GOVERNMENT SERVICES, INC.                SECTION: R
Formerly UNICCO SERVICES CO., D/B/A
UGL UNICCO


**ORDER AND REASONS**

In this employment discrimination action, defendant UNICCO Service Company seeks partial dismissal of plaintiff's complaint on the grounds that claims arising out of acts of sexual harassment occurring before July 27, 2009 are time-barred and beyond the scope of plaintiff's charge of discrimination. Because the Court finds that alleged acts of sexual harassment contributing to plaintiff's hostile work environment claim occurred within 300 days of plaintiff's EEOC charge and that the allegations could reasonably be expected to grow out of an investigation by the EEOC, the Court denies the motion.[1]

---

[1] In her complaint, plaintiff refers to the defendant as "UNICCO Government Services, Inc." In this Order, the Court has used the case caption shown in plaintiff's complaint, but it has changed the name of the defendant to that used in defendant's motion to dismiss.

## I. BACKGROUND

Plaintiff Juanita Hickingbottom filed suit against her employer UNICCO Service Company for sexual harassment under Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e, et seq. Hickingbottom was hired on April 20, 2009 as a Lead (Assistant Supervisor) at Tulane University.[2] Plaintiff alleges that on several occasions from April 2009 through July 2009, Michael Mars, Account Manager, "would grab the plaintiff around the waist pretending to be playing, come into the office where the plaintiff would be setting [sic] and attempt to massaging [sic] her shoulder without consent. The plaintiff rejected Mars touching her."[3] Hickingbottom further alleges that Mars often told her about his personal life with his wife, to which Hickingbottom responded that he should not talk about his wife to her and that she was not interested in him.[4]

Hickingbottom alleges that on July 27, 2009, while at her locker, "Mars came up behind her and placed his hand down the back of her blouse asking her for her size."[5] She further alleges that Mars placed his body so close to her that his

---

[2] R. Doc. 1 at 2.

[3] *Id.* at 2-3.

[4] *Id.* at 3.

[5] *Id.*

2

genital area pressed against her buttocks.[6]  Plaintiff claims that Keith Martin then entered the locker room and asked Mars what he was doing, but that Mars did not respond.[7]  Hickingbottom asserts that she immediately reported the incident to Kevin Tallaksen, incorrectly identified as Keith Tallahassee, who contacted Human Resources.[8]

On August 15, 2009, Hickingbottom filed a charge of discrimination with the EEOC.[9]  On December 17, 2009, the EEOC issued a notice of right to sue.[10]  Hickingbottom filed this action on March 17, 2010.[11]

## II.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that

---

[6]  *Id.*

[7]  *Id.*

[8]  *Id.* at 3-4.

[9]  *Id.* at 4-5.

[10]  *Id.* at 5.

[11]  *Id.*

the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949-50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id.* at 1949. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007).

**III. DISCUSSION**

   *A. Consideration of Charge of Discrimination and Notice of Right to Sue*

   In its unopposed motion to dismiss, UNICCO claims that Hickingbottom's complaint alleges acts beyond the scope of her EEOC charge and that these acts are now time-barred. In support of these arguments, UNICCO submits Hickingbottom's charge of discrimination[12] and notice of right to sue.[13] UNICCO contends that the Court can properly consider these documents in deciding the 12(b)(6) motion to dismiss.[14]

   A court should consider only the pleadings when deciding a 12(b)(6) motion to dismiss. When a court considers matters outside of the pleadings, Rule 12(b) generally requires the court to "treat the motion to dismiss as one for summary judgment and to dispose of it as provided in Rule 56." *Carter v. Stanton*, 405 U.S. 669, 671 (1972). Under a narrow exception to this rule, however, a court may consider documents that a defendant attaches to its motion to dismiss without converting the motion into one of summary judgment if the documents are referred to in the complaint and are central to the plaintiff's claim. *Causey v.*

---

   [12]   R. Doc. 9-2, Ex. A.

   [13]   R. Doc. 9-3, Ex. B.

   [14]   R. Doc. 9-1 at 2 n.1.

*Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

Here, UNICCO attaches to its motion to dismiss plaintiff's charge of discrimination and notice of right to sue. Hickingbottom asserts in Paragraph 12 of her complaint that:

> On or about August 15, 2009, the plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) regarding the Civil Rights violation pursuant Title VII of the Civil Rights Act of 1964. On December 17, 2009, EEOC was unable to conclude that the information obtained established a violation of Title VII, and thereupon issued a dismissal and Notice of Rights.[15]

Hickingbottom's charge of discrimination and notice of right to sue are referred to in her complaint and are central to establishing her right to bring a civil action under Title VII. Accordingly, the Court will consider the charge of discrimination and the notice of right to sue without converting the motion to one for summary judgment. *See Masoodi v. Lockheed Martin Corp.*, No. 10-807, 2010 WL 2427741, at *1 n.2 (E.D. La. June 10, 2010) (considering a charge of discrimination referred to in plaintiff's complaint and attached to defendant's motion to dismiss); Fassbender *v. Treasure Chest Casino*, No. 07-5265, 2008 WL 170071, at *3 (E.D. La. Jan. 16, 2008) (considering the charge of discrimination attached to defendant's motion in resolving a motion to dismiss); *Mills v. It Corp.*, No. 00-1579, 2000 WL

---

[15]  R. Doc. 1 at 4-5.

1801843, at *2 & n.5 (E.D. La. Dec. 6, 2000) (reviewing the EEOC charge attached to defendant's supplemental memorandum without converting the motion to dismiss into one for summary judgment).

*B. 300-Day Filing Period*

Defendant asserts that Hickingbottom has failed to file a charge of discrimination for any claims arising out of alleged acts of sexual harassment occurring before July 27, 2009, and that these claims are now time-barred.

A plaintiff may establish a Title VII violation on the basis of sexual harassment when "such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65-66 (1986) (quoting 29 CFR § 1604.11(a)(3)). The Supreme Court has recognized that "[h]ostile environment claims are different in kind from discrete acts" because "[t]heir very nature involves repeated conduct." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002). A single act of harassment contributing to a hostile environment "may not be actionable on its own." *Id.* (citation omitted). Instead, "[a] hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" *Id.* at 117 (quoting 42 U.S.C. § 2000e-5(e)(1)). As long as one act contributing to the hostile work environment claim occurs within

7

the statutory filing period, "the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.* In a deferral state, such as Louisiana, a Title VII plaintiff must file a charge of discrimination with the EEOC within 300 days after the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); *Conner v. La. Dep't of Health & Hosps.*, 247 F. App'x 480, 481 (5th Cir. 2007).

In her complaint, Hickingbottom alleges that in addition to the July 27, 2009 incident, from late April 2009 until July 2009, Mars often would grab her around the waist, massage her shoulders and tell her about his personal life with his wife. Plaintiff further alleges that as a result of Mars' unwelcome sexual conduct, her "employment has become practically unbearable,"[16] thus asserting her Title VII sexual harassment claim under a theory of hostile work environment. The alleged acts of sexual harassment from April 2009 to July 2009 contribute to Hickingbottom's hostile work environment claim. Because acts of Mars' harassing conduct occurred within 300 days of Hickingbottom's August 15, 2009 EEOC charge, the Court may consider all of Mars' conduct that contributed to a hostile work environment for purposes of determining liability.

---

[16] *Id.* at 5.

*C. Exhaustion of Administrative Remedies*

UNICCO claims that any allegations of sexual harassment other than those involving the single incident occurring on July 27, 2009 are not properly before the Court because Hickingbottom has not exhausted her administrative remedies on these claims. It is well-settled that before a plaintiff can bring an action in federal court under Title VII, she must first exhaust available administrative remedies. 42 U.S.C. § 2000e-5(f)(1); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). A Title VII action:

> [M]ay be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination.

*Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993); *see also Young v. City of Hous., Tex.*, 906 F.2d 177, 179 (5th Cir. 1990) ("The scope of inquiry is not, however, limited to the *exact* charge brought to the EEOC."). "[T]his rule protects unlettered lay persons making complaints without legal training or the assistance of counsel." *Fine*, 995 F.2d at 578.

In this case, Hickingbottom filed a charge with the EEOC on August 15, 2009. She named defendant UNICCO and checked the box for discrimination based on sex. For the time period of the discrimination, she indicated only one day, July 27, 2009. She did not check the box for "continuing action." In the

9

particulars of her charge, Hickingbottom stated: "On July 27, 2009, I was subjected to the inappropriate sexual behavior and sexual conversations by one of Respondent's managers. I have been employed with the above Respondent since April 20, 2009 ... Michael T. Mars (Male) Manager subjected me to the inappropriate sexual behavior and the sexual conversations."[17]

Hickingbottom claims that she began working for UNICCO on April 20, 2009. The scope of any investigation of plaintiff's August 15, 2009 charge of discrimination based on sexual harassment would reasonably include an inquiry into Mars' workplace behavior and his interactions with Hickingbottom during the time they worked together. *See Gibson v. Potter*, No. 05-1942, 2007 WL 1428630, at *3 (E.D. La. May 10, 2007) (holding that allegations of sexual harassment occurring before the single date specified in the plaintiff's EEOC charge were within the ambit of a reasonable investigation of the single incident); *Douglas v. Mortenson Broad. Co.*, No. 304CV2396H, 2005 WL 2778538, at *2 (N.D. Tex. Oct. 24, 2005) (holding that the scope of an EEOC investigation reasonably expected to grow out of a charge alleging sexual harassment on a single day was sufficiently broad to include earlier acts of alleged sexual harassment).

The Court finds that the allegations of sexual harassment before July 27, 2009 were like or related to the conduct that

---

[17] R. Doc. 9-2, Ex. A.

Hickingbottom complained of in her EEOC charge and reasonably within the scope of the EEOC's investigation.  Further, by including allegations of sexually harassing conduct occurring before July 27, 2009 in her complaint, Hickingbottom is not attempting to assert new theories of recovery.  *See Holden v. Ill. Tool Works, Inc.*, No. H-06-2981, 2008 WL 183334, at *6-7 (S.D. Tex. Jan. 18, 2008) (stating that allegations of earlier sexual harassment were not "entirely new acts of unlawful conduct" and did not "advance a new theory of liability of which [the defendant] had no notice"); *see also Douglas*, 2005 WL 2778538, at *2 ("This is not a case in which a plaintiff attempts to float a new and unrelated theory of harassment by parties never named to the EEOC.").  Therefore, Hickingbottom was not required to file a separate EEOC charge to exhaust her administrative remedies as to the allegations of earlier sexual harassment.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES UNICCO's motion to dismiss.

New Orleans, Louisiana, this <u>13th</u> day of September, 2010.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE